UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHIEM GODFREY, | : |
| | : CIVIL ACTION NO. 3:22-0885 |
| Plaintiff | : |
| | : (JUDGE MANNION) |
| v. | : |
| STEPHEN LITTLE[1], *et al.*, | : |
| | : |
| Defendants | : |
| | : |

**MEMORANDUM**

I. **BACKGROUND**

Plaintiff, Rachiem Godfrey, an inmate confined at the State Correctional Institution, Coal Township ("SCI-Coal Township"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the SCI-Coal Township Medical Department and George Little, Secretary of the Pennsylvania Department of Corrections. Id.

---

[1] Although Plaintiff references Stephen Little as the Secretary of the Department of Corrections, the Secretary's actual name is George Little. Thus, this Court will refer to this Defendant as George Little.

Plaintiff seeks compensatory and punitive damages for Defendants' alleged "medical negligence, discrimination and denial of timely medical treatment," for "not getting [Plaintiff's] toe nail clipped for five months." Id.

Presently before the Court Defendants' motion to dismiss Plaintiff's complaint and transfer his state law medical negligence claim to state court. (Doc. 21). For the reasons set forth below, the Court will grant Defendants' motion to dismiss and dismiss the motion to transfer state law medical negligence claims as moot.

## II. FACTUAL ALLEGATIONS IN THE COMPLAINT

On January 22, 2022, Plaintiff filed Grievance No. 964090, claiming that he has been requesting to get his toenails clipped since October and has "seen two other inmates get escorted to the foot clinic." (Doc. 1-1). Plaintiff claims that he had to rely on medical staff to have his nail clipped because "the facility doesn't sell toenail clippers." Id.

On February 16, 2022, Plaintiff's grievance was responded to with the following:

> I have reviewed your medical records. The medical department is not denying you medical treatment or discriminating against you. I have verified that you are scheduled for the next foot clinic.

(Doc. 1-2). Plaintiff filed an appeal to the Facility Manager, (Doc. 1-3), who denied Plaintiff's grievance as follows:

> I have reviewed your appeal and initial response by CHCA Rich, while speaking with appropriate staff and reviewing relevant records.
>
> This writer has investigated your complaint and found such to have merit. Your medical record notates that you were referred to foot clinic on 10/27/21 and should have been evaluated and treated prior to the most recent date of your treatment. This writer has no explanation for the medical department's failure to address this issue in a timelier manner. Should this occur in the future, specific to where your treatment is delayed, I ask that you indicate these concerns via request slip to the CHCA and DSCS so that the proper staff can be advised and conduct appropriate follow-up.
>
> Based upon what is referenced above, the Facility Manager upholds your grievance.

(Doc. 1-4 at 1).

Plaintiff appealed to final review before the Secretary's Office of Inmate Grievances and Appeals, (Doc. 1-5), who noted that Plaintiff was referred for health care on March 31, 2022. (Doc. 1-6).

On June 6, 2022, Plaintiff filed the instant action, seeking "one million five hundred thousand dollars…due to not getting [his] toenail clipped for five months" and his "toe still hurts." (Doc. 1 at 6).

### III. MOTION TO DISMISS

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule

12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief"." Id. at 211 (quoted case omitted).

## IV. Discussion

### A. Personal Involvement

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under §1983 cannot be premised on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d

1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs.... [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Plaintiff's complaint fails to allege any personal involvement whatsoever by Defendant Little. Aside from naming him in the caption of the complaint, there are no factual allegations concerning Little. It appears that Plaintiff is attempting to pursue a Section 1983 claim against Little, based solely on *respondeat superior*, which he cannot do. See Rode, 845 F.2d at 1207. In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. See, e.g., Mearin v. Swartz, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed

to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

Moreover, a §1983 claim may only be brought against "persons." See 42 U.S.C. §1983. States and their derivative governmental institutions, including the Department of Corrections (DOC), prisons, and prison medical departments, are not "persons" for purposes of a civil rights action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70 (1989) (states and their derivative entities); Phippen v. Nish, 223 F.App'x. 191, 192 (3d Cir.2007) (nonprecedential opinion) (upholding decision from the Middle District of Pennsylvania that "SCI Waymart is not a 'person' within §1983"); see also Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir.1973) (*per curiam*) (state prison medical department cannot be sued under §1983 because it does not fit the definition of a "person" under §1983).

Insofar as Plaintiff has named SCI-Coal-Township Medical Department as a Defendant, the complaint must be dismissed. Neither a state prison nor its medical department can be sued under 42 U.S.C. §1983 because they do not fit the definition of a "person" under Section 1983. See Will, supra; Fischer, supra.

## B. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000). In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to establish deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant: (1) was subjectively deliberately indifferent (2) to the plaintiff's objectively serious medical needs. Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994); Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the applicable Eighth Amendment analysis requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Circumstantial evidence can establish subjective knowledge on the part of the defendant if it shows that the excessive risk was so obvious that the

- 8 -

official must have known about it. See Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197.

The second prong of the Eighth Amendment inquiry is whether the plaintiff's medical needs were serious. A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Not every condition is a serious medical need; instead, the serious medical need element contemplates a condition of urgency, namely, one that may produce death, degeneration, or extreme pain. See id.

Moreover, because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation. White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990); Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The

Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional violation. Whitley v. Albers, 475 U.S. 312 (1986). Additionally, an inadvertent failure to provide adequate medical care does not constitute an unnecessary and wanton infliction of pain or is not repugnant to the conscience of humanity. Sample v. Diecks, 885 F.2d 1099, 1109 (3d Cir. 1989).

      Here, Plaintiff fails to demonstrate a deliberate indifference to a serious medical need. He does not allege that he suffered any medical emergency with his toenails; only that he needed to have his toenails clipped and he, somehow, was overlooked. At best, this type of claim sounds in negligence and does not rise to the level of deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). To that end, Plaintiff indicates in his brief in opposition that his state law medical negligence claim is proceeding in the Northumberland County Court of Common Pleas. (Doc. 24). As such, the Court declines to exercise supplemental jurisdiction over any state law claims. See 28 U.S.C. §1367(c)(3). Defendants' motion to dismiss Plaintiff's Eighth Amendment medical deliberate indifference claim will be granted and their motion to transfer the state law claims will be dismissed as moot.

### C. Equal Protection

Plaintiff claims that he was denied his right to equal protection when he saw two other inmates get called to foot clinic to get their toenails cut. However, aside from this vague allegation, he provides no factual allegations to support this claim. To state an equal protection claim under the Fourteenth Amendment, "a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir.2008). Plaintiff does not allege that he was singled out for disparate treatment for any particular reason. Nor does he even address this issue in his brief in opposition. Consequently, Plaintiff has not stated an equal protection claim and it will be dismissed.

### V. LEAVE TO AMEND

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile." The Court finds that granting leave to amend would be futile, based on the extensive documentation submitted by Plaintiff demonstrating that he did not suffer an Eighth

Amendment violation regarding his medical care. As such, further amendment would be futile.

## VI. CONCLUSION

For the reasons set forth above, the Court will grant Defendants' motion to dismiss and will close the above captioned action.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 26, 2023**
22-0885-01